Filed 8/4/22  L.B. v. T.P. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| L.B., | C093931 |
| Plaintiff and Appellant, | (Super. Ct. No. 20FL000134) |
| v. | |
| T.P., | |
| Defendant and Respondent. | |

L.B. (mother) appeals from the trial court's denial of her petition to terminate the parental rights of T.P. (father) under Family Code section 7822.[1]  Mother claims insufficient evidence supports the trial court's determination that father had not abandoned their daughter M.V (the minor).  Finding no error, we will affirm the trial court's order.

---

[1] Undesignated statutory references are to the Family Code.

1

BACKGROUND

The minor was born in March 2009 as the result of a brief relationship between mother and father. Shortly after the minor's birth, father visited the minor in the hospital following a Child Protective Services (CPS) referral after mother allegedly warmed the minor near an open oven. The minor was placed in protective custody, father began support payments to CPS, and mother ultimately reunified with the minor.

Father visited the minor through CPS and attempted to have the minor placed with him and his wife. But he was arrested in 2009 for evading an officer. Father served nine months in jail, and after being released, obtained a family court order for supervised visitation with the minor. The visits eventually became home visits.

Although father denied that his relationship with mother had ever been abusive or that he had ever abused the minor, he acknowledged that prior to the minor's birth, mother had obtained a protective order against him. Father agreed to a three-year protective order in 2012 preventing father from contacting mother or the minor. It was issued after father's car allegedly hit mother's car. The protective order became permanent in 2015. Father said he did not intend to abandon the minor and continued with his support payments except when he was in custody. Father paid mother child support based on a 2012 support order. At the time of the evidentiary hearing, the minor was on father's private medical insurance. Father visited the minor until the issuance of the protective order.

In July 2019, father became concerned for the minor's well-being and contacted CPS and the Sheriff's Department for a welfare check. He also filed a motion in family court for custody and visitation. The matter was sent to a mediator, who recommended therapeutic visits between father and the minor, which the family court ordered.

Mother filed a petition to terminate father's parental rights on February 20, 2020, alleging, among other things, that father had no communication with the minor since September 2012 and had intended to abandon her. Following an investigation, the

2

probation department recommended against granting mother's petition, noting father's support payments, the protective order, and the order for therapeutic visits.

The trial court received testimony at an evidentiary hearing in January 2021. Following that testimony, mother argued her petition should be granted because father had had no contact with the minor from September 2012 (when he agreed to the protective order) through July of 2019 when he first filed his modification request. According to mother, the passage of that seven-year period without communication or attempts to modify the protective order showed father intended to abandon the minor. Further, father had agreed to that order, which vested sole custody of the minor in mother without provision for visitation by father, so even if he did not intend to abandon her, he in fact had done so. Mother argued that the minor's best interests should not enter into the court's analysis and that mother brought the petition to protect the minor from lengthy and damaging family court proceedings.

Father countered that terminating his rights would not be in the minor's best interests. He did not intend to abandon the minor when he consented to the protective order, and he did not stop financially supporting her. He regularly inquired about her well-being and contacted authorities when he learned of concerns for her well-being. Father sought modification of the custody order when he suspected the minor was not doing well.

The trial court denied the petition. It noted father had agreed to the protective order which prevented his visitation, but minor's counsel had indicated there was distress during the visitation, and that some of the stress may have been caused by mother. The trial court said that while father could have filed something sooner, he did eventually seek to modify the family court orders and paid child support with the exception of when he was incarcerated. According to the trial court, the evidence of abandonment had to be clear and convincing, and the trial court was not persuaded that mother had established father's intent by that standard or that termination of his rights would be in the minor's

3

best interests. The trial court said further assessment regarding the possibility of establishing a relationship between father and the minor would occur.

DISCUSSION

A

A proceeding to have a child declared free from the custody and control of a parent may be brought under section 7822 if the parent has abandoned the child. As applicable here, abandonment occurs when "[o]ne parent has left the child in the care and custody of the other parent for a period of one year without any provision for the child's support, or without communication from the parent, with the intent on the part of the parent to abandon the child." (§ 7822, subd. (a)(3); *In re H.D.* (2019) 35 Cal.App.5th 42, 50.)

" ' " 'In order to constitute abandonment there must be an actual desertion, accompanied with an intention to entirely sever, so far as it is possible to do so, the parental relation and throw off all obligations growing out of the same.' " ' " (*In re E.M.* (2014) 228 Cal.App.4th 828, 839, italics omitted.) Lack of communication or support is presumptive evidence of an intent to abandon, which may be overcome by a showing of more than token efforts of support or communication by the opposing parent. (§ 7822, subd. (b); *In re Aubrey T.* (2020) 48 Cal.App.5th 316, 327.) Once overcome, the burden of proof remains with the petitioning party. (*Id.* at pp. 326-327.) A trial court measures a parent's intent to abandon objectively (*id*. at p. 327) in order to determine whether the parent intended to abandon the child for the requisite statutory period. (See *In re Amy A.* (2005) 132 Cal.App.4th 63, 68 [an intent to permanently abandon is not required].)

The party who files a section 7822 petition has the burden of proving by clear and convincing evidence that all elements of section 7822 have been met. (*In re E.M, supra*, 228 Cal.App.4th at p. 838.) Evidence that is clear and convincing is highly probable, leaves no substantial doubt, and commands unhesitating assent of every reasonable mind. (*In re David C*. (1984) 152 Cal.App.3d 1189, 1208.)

4

" ' "[The] question whether [an] intent to abandon exists and whether it has existed for the statutory period is a question of fact for the trial court, to be determined upon all the facts and circumstances of the case." ' [Citation.]" (*In re E.M., supra*, 228 Cal.App.4th at p. 839.) We apply a substantial evidence standard of review to these conclusions. (*Ibid.*; *In re H.D., supra*, 35 Cal.App.5th at p. 50; *In re Amy A., supra*, 132 Cal.App.4th at p. 67.) Accordingly, we have "no power to pass on the credibility of witnesses, resolve conflicts in the evidence or determine the weight of the evidence." (*In re E.M.*, at p. 839.) Rather, "[i]t is appellant's burden on review to show that the evidence is insufficient to support the trial court's findings." (*Ibid.*) Although father has not filed a response to this appeal, mother maintains the burden of demonstrating prejudicial trial court error. (Cal. Const., art. VI, § 13.)

B

Mother argues father left the minor in 2012 and that his failure to see the minor or send her birthday/Christmas cards between 2012 and July of 2019 triggered the statutory presumption that he intended to abandon her. Mother adds that the presumption was not overcome by father's token inquiries about the minor's well-being. While mother now concedes it was appropriate for the trial court to consider the minor's best interests in ruling on the petition, mother contends the trial court's ruling was unsupported by the record.

It is undisputed that as a result of the protective order, father had no contact with the minor for longer than the statutory period under section 7822, giving rise to a rebuttable presumption of an intent to abandon. (§ 7822, subd. (b).) However, father presented substantial evidence that he did not intend to abandon the minor, which the trial court found persuasive. Among other things, father made support payments except while incarcerated. "A parent's failure to support a child when they do not have the ability to do so does not, by itself, prove intent to abandon. [Citations.]" (*In re H.D., supra*, 35 Cal.App.5th at p. 53.) Mother's reliance on *In re Amy A., supra*, 132 Cal.App.4th 63

5

is misplaced because in that case, the father failed to pay child support during the relevant period.  (*Id*. at p. 66.)

The record also supports the trial court's conclusion that mother had not established that termination of father's parental rights would be in the minor's best interests.  Among other things, the probation department conducted an investigation and recommended denial of mother's section 7822 petition, noting father's support payments, the protective order, and the order for therapeutic visits.

Substantial evidence supports the trial court's decision.  (*In re E.M., supra*, 228 Cal.App.4th at p. 841; *In re Aubrey T., supra*, 48 Cal.App.5th at p. 330.)  Mother has not established trial court error in denying her section 7822 petition.

DISPOSITION

The trial court's order denying mother's petition to terminate parental rights is affirmed.

/S/
MAURO, J.

We concur:

/S/
ROBIE, Acting P. J.

/S/
EARL, J.